UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                           CRIMINAL ACTION NO. 3:08CR-119-S

ROBERT FELNER
THOMAS SCHROEDER                                                        DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, Thomas Schroeder, for severance on the ground of misjoiner or, alternatively, prejudicial joinder, under Fed.R.Crim.P. (8). Co-defendant Robert Felner has joined in the motion.[1] The facts pertinent to the resolution of this motion are undisputed.

Robert Felner and Thomas Schroeder are charged in a nine-count indictment which alleges generally that from July, 2001 through July, 2008, they conspired to defraud two universities out of over two million dollars utilizing a sham company, the National Center on Public Education and Prevention. The indictment also charges them with mail fraud and conspiracy to defraud the internal revenue service. Additionally, Felner is charged with tax evasion in the years 2002 through 2007.

Schroeder claims that trial of the charges against him should be severed from that of Felner for a number of reasons. He claims that the "gross disparity of proof against the two Defendants" and the presence of "antagonistic and mutually exclusive defenses" may inspire the transference of guilt from Felner through Shroeder through the "spillover" effect. Motion for Severance, p. 1.

Fed.R.Crim.P. 8(a) permits joinder of offenses if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common

---

[1] The motion of Robert Felner to adopt co-defendant Schroeder's motion for severance on the ground of misjoinder (DN 56) is granted.

scheme or plan." Fed.R.Crim.P. 8(b) permits joinder of defendants if they are alleged to have "participated in the same act or transaction, or the same series of acts or transactions constituting an offense or offenses." The defendants are charged with participating in the same alleged acts, with the exception of the charges of income tax evasion against Felner in connection with his personal income tax returns. There does not seem to be any question that the offenses are based on the same alleged acts or common scheme or plan, and the defendants are charged with having engaged in the acts together. Therefore, the contention that there was misjoinder of the charges appears to be without merit.

With respect to the claim of prejudicial joinder, Schroeder contends that (1) Felner is alleged to have derived substantially more money than Schroeder from their alleged activities; (2) Felner is charged with six additional counts of tax evasion; and (3) the defenses of the defendants are mutually exclusive and so antagonistic as to be prejudicial.

Schroeder claims that since he allegedly received only one-tenth of the amount in issue over the purported eight-year conspiracy, all of which he claims he reported on his personal income tax returns, he will suffer a spillover effect if he is tried with Felner who is charged with receiving over $2.5 million. Schroeder has cited no authority to support his contention that he would be prejudiced by evidence that Felner received a greater percentage of the proceeds from the alleged illegal activity. Indeed, Schroeder articulately argued in his brief that there is a marked distinction between his small, purportedly legitimately-earned sum and Felner's $2.5 million in alleged ill-gotten gains. Juries are presumed to be capable of considering the case against each defendant individually and able to compartmentalize the evidence concerning the defendants and the individual counts. They are specifically instructed to do so.

Schroeder also seeks severance on the ground that Felner is charged with additional counts of tax evasion. These counts appear to arise from the same series of transactions alleged against the defendants in the mail fraud and conspiracy counts. Inasmuch as counts 3 - 8 allege tax evasion by

Felner in his personal income tax filings in specific years, the evidence offered as to these counts will be readily identifiable as applicable only to Felner. Schroeder has failed to show how he would be prejudiced by the admission of such evidence against Felner in a joint trial.

Schroeder urges that the defenses of these defendants will be mutually exclusive and antagonistic. He cites the cases of *United States v. Odom*, 888 F.2d 1014 (4th Cir. 1989) and *United States v. Serpoosh*, 919 F.2d 835 (2d Cir. 1990) for severance on this basis.

The *Odom* and *Serpoosh* cases are distinguishable from the case at bar. In *Odom, supra.*, severance was not granted pretrial, but rather was ordered on the third day of trial. In its opinion affirming the severance, the Court of Appeals noted that

> The catalyst for this [severance] ruling was an evidentiary question; Kelly wanted to elicit testimony concerning a prior firearm transaction which the court concluded was admissible as part of Kelly's defense but was not properly admissible against Fincham. The context in which the ruling was made, however, was created by the general conduct of Kelly's defense...The attack of attorney West upon co-defendant Fincham was so unrelenting and prejudicial that Fincham could not have received a fair trial as a co-defendant before the same jury as Odom...Odom's attorney's tactic was to bring out any information that was detrimental and prejudicial to Fincham without regard to whether such information was relevant to the charges contained in the indictment.

*Odom*, 888 F.2d at 1017.

In *Serpoosh, supra.*, a narcotics trafficking case, an undercover buy was arranged, and two defendants provided heroin to an undercover officer. While the three individuals sat in a vehicle, two baggies of heroin were produced and handed to the officer. Both men were arrested. The defendants gave wholly different stories about their activities prior to the sale. Each defendant accused the other of being a heroin-trafficking co-conspirator, and painted himself as an unknowing dupe.

> The court noted that
>
> Mere antagonism between the defenses is not enough. "The mere fact that codefendants seek to place the blame on each other is not the sort of antagonism that requires a severance." *United States v. Villegas*, 899 F.2d 1324, 1346 (2d Cir. 1990)...Appellants must show "the conflict is so irreconcilable" that acceptance of

> one defendant's defense will lead the jury to convict the other. *United States v. Tutino*, 883 F.2d 1125, 1130 (2d Cir. 1989)...Severance is required only when "the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his codefendant." *United States v. Potamitis*, 739 F.2d 784, 790 (2d Cir. 1984)...

*Serpoosh*, 919 F.2d at 837-38.

Schroeder has not established that he and Felner have wholly mutually exclusive and antagonistic defenses which could not be reconciled by a jury. Neither defendant here appears, at this juncture, to be totally disassociating himself from the other and from all events. Rather each wholly denies guilt of any crime, and disputes the degree of awareness and level of involvement alleged in the indictment. The motion for severance must be denied on the current state of the record.

Motion having been made and for the reasons stated herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Robert Felner, to join in his co-defendant's motion (DN 56) is **GRANTED**, and the motion of the defendant, Thomas Schroeder, for severance (DN 41) is **DENIED.**

**IT IS SO ORDERED.**